CHARLES L. DENDY, plaintiff in error, *vs.* GAMBLE & COPELAND. defendants in error.

1. A special plea by a surety, that he signed the note sued upon to encourage the principal to pay it, and that it was well understood by the payee and the surety that the latter was not to be liable on the note, is not a defense to the action, and may be stricken on demurrer; the note being an absolute promise to pay, no written qualification or modification of its terms being alleged, and no fraud or mistake in reducing the real contract between the parties to writing being set up in the plea

2. A plea that the defendant is not indebted, is not a plea of the general issue, when it proceeds to set forth specially certain facts as constituting the reason why he is not indebted. In such case there are not two pleas, but one.

Principal and security.   Contracts.   Pleadings.   Before Judge CRAWFORD.   Harris Superior Court.   April Term, 1877.

It is but necessary to state that the only plea filed in this case commenced as follows:

"And now comes the defendant, C. L. Dendy, and says that the said plaintiffs ought not to have or maintain their said action against him, because he says that he is not indebted to them as charged in said writ, although he admits that he signed the note sued on, under the cirumstances and conditions hereinafter stated, on account of which, in justice and equity, he ought not to be required to pay said note, and that judgment should not be had against him on the same; and, by way of equitable defense thereto, the said defendant says, etc.   Then follows a detailed account of "the circumstances and conditions" referred to.

For the remaining facts, see the opinion.

BLANDFORD & GARRARD; JAMES M. MOBLEY, for plaintiff in error.

PEABODY & BRANNON; BLOUNT & CAMERON, for defendants.

BLECKLEY, Judge.

1. The plea contained much irrelevant matter.   It entered into a lengthy course of details to show that the account for which the note was given was the sole and separate debt of the principal.   The note itself implies that, for it is signed by one of the makers as principal and the other as surety. The pertinent allegations of the plea were that, on being requested by the plaintiffs to sign a note jointly with the principal for the amount of the account, the surety declined to do so, "but said, at the same time, that he would sign the note as security, merely to encourage said Davis to pay it, and that said Gamble & Copeland should look to said

Davis alone.to pay it. Subsequently . . . Gamble & Copeland sent the said Davis with the note for him to sign, and he signed it, simply as aforesaid; . . . and it was well understood by said plaintiffs and this defendant, as aforesaid, that the respondent was not to be liable on said note." The note, however, is absolute and unconditional. It is an express contract, on the part of both principal and surety, to pay a sum of money on or before a given day, less than a month after its date. When a man's real contract is not to pay, what sense or reason is there in signing a written contract that he will pay? To allow such a defense as this to be effective would be to overthrow the most trustworthy monuments of the engagements of men to men. What security would the most solemn writings any longer afford? In striking the plea, on demurrer, the court made the only proper disposition of it. See *Mansfield vs. Barber*, (this term,) and cases therein cited.

2. It is suggested in the brief of counsel, that it was certainly error to strike the whole answer, as it embraced a plea of the general issue, as well as a special plea. But the "not indebted," with which the answer set out was not a separate plea, but a part of the special plea itself. The two parts were connected by language which plainly imported that the particular facts narrated, were intended to stand for premises from which the conclusion of "not indebted" was supposed to follow. There was one plea only, not two.

Judgment affirmed.