## FARRAR et al. v. THE BANK OF NEW YORK.

A note payable to a named person or order and indorsed by the payee, though under seal and therefore not negotiable according to the strict commercial law prevailing in Alabama, if made and indorsed for the accommodation of a person not a party thereto and by him put in circulation for value, is not without consideration as between the holder who paid value and the accommodation maker or indorser. The consideration which the parties contemplated when the note was executed and indorsed was realized, a consideration moving to the person intended to be accommodated being of as much efficacy as if it had moved directly to the accommodation maker or indorser.

April 28, 1892. By two Justices.

Promissory note. Accommodation indorsement. Consideration. Negotiable instrument. Before Judge VAN EPPS. City court of Atlanta. September term, 1891.

ROSSER & CARTER, for plaintiffs in error.

ABBOTT & SMITH, contra.

BLECKLEY, Chief Justice.

Two separate cases are governed by the same principle. In both of them the bank was the plaintiff below. In one the suit was against Farrar as maker and Jones as indorser; in the other the suit was against Jones alone as maker. In each of them the court directed a verdict for the plaintiff. On the undisputed facts this direction would have been correct if the sealed notes declared upon and the indorsements thereon had been Georgia contracts, for in that event they would have been negotiable, and the plaintiff being a *bona fide* holder for value and acquiring title before maturity and without notice, would have been protected. The trial court, on the facts in evidence, held and decided that they were Georgia contracts, and this decision was probably erroneous. But the error was harmless, for, treating them as Alabama contracts, the plaintiff had an equitable, if not also a legal, right to recover, although by the law of Alabama such notes are not negotiable as

commercial paper, but only assignable "subject to all payments, set off and discounts had or possessed against the same previous to notice of assignment or transfer." In order to abbreviate the discussion, we may allow the case against Jones as maker to fall into the background, as a decision of the other will decide it also.

The note made by Farrar and indorsed by Jones purports on its face to have been executed at Sheffield, Ala. It matured four months after its date, and was payable to Jones or order, who indorsed it in blank. Both maker and indorser affixed their signatures in Georgia, and the instrument was sent by them, or one of them, through the mail to one Woodson, who resided at Sheffield, Ala. This was done at Woodson's request, and it is admitted that the instrument was an accommodation paper relatively to both the maker and indorser, and thus the doctrine that a seal imports consideration is not involved. The irresistible inference is that Woodson was the person to be accommodated. He added his indorsement. There is no suggestion that he did not receive value. As it is admitted that the plaintiff below paid value, Woodson's indorsement is sufficient evidence that the payment was made to him. The case, then, stands thus: Maker and indorser, intending to accommodate Woodson, who was not a party to the note, put it in his hands that he might use it to obtain money upon it for himself, or possibly, for a bank of which he was the president. The consideration which the maker and indorser contemplated was thus realized by the act of the person for whose accommodation they lent their credit. What other consideration does any accommodation contract need? Indeed, what other could it have and still retain its character as an accommodation paper? It cannot be true that by the laws of Alabama, or any other State, a consideration moving directly to the accommodation maker or indorser is necessary to render accommodation instruments obligatory. While in the hands of Woodson,

this note was without consideration and bound nobody. It came into being as a complete operative instrument when he received value for it and put it into circulation. By delivering it to him, the maker and indorser constituted him their agent for the purpose of realizing money on it and thereby making it obligatory upon them. He did the very thing they expected and designed should be done. All that was omitted was the execution of a formal legal assignment by Jones, the indorser, to Woodson, and by Woodson to the plaintiff. But instead of such an assignment, each of them indorsed the paper in blank, doubtless thinking that such indorsement would be sufficient to pass the legal title, or if not so thinking, intending the indorsement to be a substitute for a formal assignment. Perhaps at law the substitute is insufficient, but equity may treat that as done which ought to have been done, and under the uniformity procedure act of 1887, the plaintiff may recover upon an equitable as easily as upon a legal title. No question on this point seems to have been raised in the court below, nor was there any suggestion that Woodson, or any one else not before the court, was a necessary party.

We rest the case on principle and on the uniform procedure act just cited. In the argument cases were read from other States, which, if taken to mean what it was contended they did mean, we think are contrary to sound principle, and we therefore decline to follow them. It seems to us a plain proposition that when accommodation parties get for and through another the exact consideration which they contemplate, it is the same as if they received it themselves. The pleas in the record set up no defence except the want of consideration, and yet, while declaring the instrument to be an accommodation paper, they do not deny that the accommodation was extended by the plaintiff and realized by the person intended to be accommodated. If it be true that nothing but strictly commercial paper negotiable by the law

merchant can be accommodation paper or used as such, the defence ought to prevail, but we can discover no obstacle in the nature of things to the use of any class of paper whatever as a means of accommodation. When one man pledges his credit for the benefit of another without receiving any part of the consideration himself, whatever be the form of instrument by which he makes the pledge, the paper has all the necessary elements, so far at least as consideration is concerned, which any accommodation paper requires.

What has been said is enough to rule all substantial questions, whether on the admissibility of evidence or anything else, presented in the record. With the excluded evidence in or out, the result would be the same. We have met the plaintiffs in error on their own ground by treating the note as an Alabama contract and as non-negotiable. There is no cause for a new trial.

*Judgment affirmed.*