HIRSCH *v.* OLIVER.

1. The striking of a plea that the notes declared upon were without consideration is not cause for a new trial when it affirmatively and clearly appears from the facts disclosed at the trial that there was a full and sufficient consideration for the notes.
2. To an action against the maker on his negotiable promissory notes, a plea that he executed them with the understanding that he was

not to be bound, and for a purpose wholly at variance with their plain tenor and import, is no defence, there being no denial that the notes were made and delivered, and no suggestion in the plea that the understanding and purpose alleged were evidenced by any writing, or that they were omitted from the notes by fraud, accident or mistake.

3. The notes being signed by the defendant in his own name with the addition of "& Co.," and it not appearing in the transcript of the record brought up what the declaration alleged, if anything, as to a partnership or firm, no error is apparent in the judgment sustaining the demurrer to a plea on that subject.

4. In an action upon promissory notes signed by the defendant with the addition "& Co.," where the defendant, instead of pleading the non-joinder of a copartner, files a sworn plea of no partnership, a recovery may be had against him on a proper declaration if he executed the notes, whether in fact he had a copartner or not. In this case it does not appear that any person was sued except the defendant.

5. An agent to rent premises for the owner may, after the notes for the rent have been taken and a portion of the term expired, become an agent for the tenant to sublet the premises to another tenant for the balance of the term. In such case the control of the premises by the agent while representing the tenant will have no effect on the rent notes.

6. Agency cannot be proved by the declaration of another agent of the same principal made to the witness, unless it appears that the latter agent was authorized by the principal to make the declaration, or that it was made as a part of the *res gestæ* in the performance of some duty appertaining to his agency.

7. There was no error in denying a new trial.

April 17, 1893. Argued at the last term.

Before Judge FISH. Sumter superior court. November term, 1891.

Mrs. Oliver brought six suits in the county court, upon six promissory notes each for $66.66, dated July 8, 1885, due respectively May, June, July, August, September and October, 1886, payable to H. Horne, agent for Mrs. Oliver, or bearer, and signed A. Hirsch & Co. Upon their left-hand corners were the words: "Rent note. To be surrendered in case of fire." An appeal was taken to the superior court, and the causes were consolidated. Hirsch pleaded: (1) The notes sued on were given to plaintiff without any consideration what-

ever. (2) If there is any liability on the notes, it is not that of defendant but of the company known as the Blue Rock Distilling Company; and defendant, at the instance of Horne, agent of plaintiff, signed the notes with the distinct understanding that there was no liability on defendant, but simply to satisfy plaintiff that she held the rent notes for the place, it being then and there known to her that defendant was only to act as agent for said distilling company, which at the time of the signing of the notes was forming and had not given itself a name; and defendant never used the storehouse as his, but said company at once took possession and used it with the full knowledge and consent of plaintiff, plaintiff collecting the rent from it and not from defendant, and recognizing at all times the fact that defendant was not liable for the notes, but that said company was. (3) There is not now nor was there ever any such partnership as A. Hirsch & Co., nor was defendant ever a firm doing business under said name.

These three pleas were stricken on demurrer. Defendant also pleaded the general issue; that the notes had been fully paid off and discharged by turning over to plaintiff, in July, 1886, a barrel of whisky in full settlement of them; and that they were given for the rent of a storehouse in Macon for twelve months, for which six other notes were given for the six months immediately prior to those sued on; the first six notes were promptly paid when due, and at the end of the first six months the house was vacated, and plaintiff took possession immediately and rerented the place to one Woolfolk, thus releasing defendant from liability on the notes.

There was a verdict for plaintiff for $399.96 principal, with interest and costs. Defendant moved for a new trial, which was denied, and he excepted. The motion contains the grounds that the verdict was contrary to law and evidence; and that the court erred in

striking the three pleas as before stated, and further erred as follows :

In charging : " The matter of partnership is not before you at all ; it is not a question in the case, as I have ruled." The motion alleges that the suits as stated in the declarations were against A. Hirsch & Company, a firm composed of A. Hirsch only, but the plaintiff's evidence showed that the action was against A. Hirsch & Company, a firm composed of A. Hirsch and S. Solomon ; that defendant contended, and his counsel argued to the jury, that this constituted such a variance between the pleadings and proof as would prevent a recovery ; and that the charge entirely withdrew from the jury any consideration of this contention. The declarations are not in the transcript of record, and the case is therein stated as against A. Hirsch, and also as against A. Hirsch & Co.

In charging: "I charge you that if Hirsch, the defendant, did not turn the possession of the house over to the said plaintiff, or her agent H. Horne, but turned the possession over to H. Horne as his agent—that is as Hirsch's agent—and for the purpose of H. Horne to rent to other parties for the benefit of Hirsch, that would not discharge the defendant, A. Hirsch, from the payment of these notes. He would not be released from liability upon them, if that is true, because in that event H. Horne would be the agent of Hirsch, and if he rented it for Hirsch the rents would go to Hirsch, and Henry Horne would have to account to Hirsch, and unless Horne appropriated the proceeds, or rather the rents that he received as Hirsch's agent, to the payment of these notes, Hirsch would not be released from liability upon the notes." Defendant alleges, as a matter of law, that Horne could not have been the agent of both parties without the express consent of both, and therefore the charge submitting to the jury the theory of Horne being the agent of both parties was error.

In refusing to charge: "As a suit brought by the plaintiff against A. Hirsch & Co., the defendant being sued (as an individual) under the firm name of A. Hirsch & Co., I charge you that before the plaintiff can recover, she must sustain the allegations in her declaration. This rule applies as well to the proof as to parties as to any other facts involved in the case. If you should find from the evidence that there was no such firm as A. Hirsch & Co., composed of A. Hirsch alone, but if the evidence shows that the firm was composed of A. Hirsch and S. Solomon, then I charge you that the plaintiff would not be entitled to recover in this suit, and you would find a verdict for the defendant.

"If the evidence, either of the plaintiff or the defendant, should show that the firm who executed the notes (if you should believe they were so executed) was different from the firm sued, then I charge you that the plaintiff cannot recover in the present action.

"If you should find from the evidence that the defendant, A. Hirsch & Co., was composed of A. Hirsch and S. Solomon, then the plaintiff cannot recover."

And in refusing to allow defendant Hirsch to testify that Horne had told him that young Mr. Oliver was the agent of Mrs. Oliver.

At the trial defendant testified: The notes were given for the rent of a store in Macon, rented of Henry Horne by me as agent for the Blue Rock Distilling Co. There were twelve notes; the first six were promptly paid from the funds of that company. At the end of the first six months the company decided to quit business, and I notified Horne of it. Most of the goods in the store had been sold out; and I notified him that the company would no longer want the store and would give up their lease; and I turned over the keys to the young man clerking for Horne, as Horne was absent when I called with them, and he accepted them. I con-

sidered that I was done with it entirely; but just about that time young Oliver got after me about the rent for the balance of the time, and Horne had told me that I could settle it with Oliver. I did not consider that I owed him anything, on account of having given up the store and it having been accepted; but to save any trouble about it, I agreed to give him a barrel of whisky in settlement of their claim, the whisky being a part of the stock left in the store after the company quit business; and he agreed to accept it in full settlement of the balance of the notes, and would have them given up to me but that he did not have them with him. I told him I had stored the whisky with Solomon, subject to his disposal. I had done this; but Oliver never took the whisky out. Horne told me that any settlement I made with Mrs. Oliver or her son would be all right with him. About a month afterwards I was in Macon and went by the store the company for which I was agent had kept. I found it was occupied as a grocery store, and asked the man who was keeping it what his name was. He told me it was Thomas G. Woolfolk. I did not take up the notes or demand them. I told Horne that Mr. Senior of Cincinnati had come to take charge of the business. Horne said, all right. I don't know whether Senior called on Horne or not.

Horne testified: I was the agent of Mrs. Oliver. Hirsch stated to me that he would be responsible for the payment of these notes in connection with S. Solomon who was at that time the company of the firm of A. Hirsch & Co. When A. Hirsch & Co. vacated the store, I was authorized by Hirsch to rerent the store to the best advantage possible for his benefit. A. Hirsch & Co. took possession of the store under their agreement of rent, and remained in actual possession about six months with their stock of goods; but they rented it for the whole twelve months. When

they were moving out, Hirsch stated, as a reason therefor, that the business was unprofitable, and that he purposed to store the stock and try to rerent the store so that he could save something on the rent of it. I was authorized to rerent it for him. The son of Mrs. Oliver did propose to settle with A. Hirsch & Co., by taking a certain stock of liquors they had on storage, under the representation that said goods were of the value of $100. When he found that Hirsch & Co. had misrepresented the value of the goods, he refused to accept them or to complete the settlement. He was not the clerk in my office at that time, and had no power to represent me. I did state to Hirsch that any settlement he might make with Mrs. Oliver and her son would be satisfactory to me.

HINTON & CUTTS, for plaintiff in error.

E. A. HAWKINS, *contra.*

BLECKLEY, Chief Justice.

1. The merits of this controversy were fully exposed at the trial. The parties introduced evidence *pro* and *con*, and all the facts touching consideration or want of consideration for the notes declared upon were brought out. From these it clearly appears that there was a full and sufficient consideration for the notes. This being so, the striking of the plea that the notes were without consideration is not cause for a new trial.

2. The plea which sought to contradict the notes by setting up an understanding that the maker was not to be bound, that the notes were executed for a purpose other than that of binding him to pay money—a purpose wholly at variance with their plain tenor and import,—contained no suggestion that the understanding and purpose alleged were evidenced by any writing, or that anything was omitted from the notes by fraud, accident or mistake. It contained no denial of the making and delivery of the notes, but simply sought to run

over them and crush them by an alleged contempora-
neous understanding or agreement in conflict both with
their letter and their legal effect. This plea presented no
valid defence to the action, and there was no error in
striking it.

3. If there was any error in striking the plea on the
subject of partnership, on demurrer to the same, it is
not apparent to this court; for the transcript of the
record does not show that the declaration alleged any-
thing as to a partnership or firm, and although the notes
sued on were signed by the defendant in his own name
with the addition of "& Co." annexed thereto, we are
unable to say whether the plea met any partnership ele-
ment involved in the declaration or not. If the .decla-
ration did not allege that the notes were made by a
partnership, or were the contracts of a partnership,
a denial of the existence of that partnership would be
idle and irrelevant. As the case stands here there is
no partnership element in it.

4. It does not appear that any person was sued except
the defendant Hirsch, now the plaintiff in error. His
plea of no partnership, if true, shows conclusively that
no one else ought to have been sued. If he executed
the notes he ought to pay them whether in fact he had
a copartner or not, as he does not plead the nonjoinder
of anybody. Surely·the addition of "& Co." to his name
in executing the notes would not protect him against
being severally liable thereon if there was nobody to
join with him as a defendant in the suit.

5. It seems that Horne, the agent who represented
the plaintiff in renting the premises and taking the rent
notes, became the agent of the defendant, the tenant, to
sublet the premises to another tenant; and it is contended
that he misbehaved himself in this second agency. Well,
suppose he did. His principal in that agency was the
defendant, and he must take the consequences. Surely

the misbehavior of the defendant's agent cannot be imputed to the plaintiff, although the same person occupied both agencies.

6. Horne, the plaintiff's agent, told the defendant, Hirsch, that the plaintiff's son was her agent also. This was not competent evidence to prove the son's agency, and the court was right in excluding it. Horne's declaration to the defendant was not made pending any transaction in behalf of the plaintiff to which the declaration was pertinent so as to be a part of the *res gestæ* of the transaction. There was no error in denying a new trial.          *Judgment affirmed.*