## BYRD & CO. *v.* MARIETTA FERTILIZER CO.

To an action against the maker of negotiable promissory notes, a plea that he executed them with the understanding that he was not to be bound and that the notes were simply security for payments of the proceeds of a sale of an article which the plaintiff claimed had been sold to the defendant and the notes taken for the purchase-price, and the defendant claimed was simply in his possession as the property of the plaintiff to

be sold for his account, constituted no defense to the action, when there was no denial that the notes were made and delivered, and no allegation that the understanding or purpose for which the notes were given was evidenced by any writing, or that such understanding was omitted from the notes by fraud, accident, or mistake.

Submitted July 18,—Decided November 15, 1906.

Complaint. Before Judge Russell. Gwinnett superior court. September 8, 1905.

The Marietta Fertilizer Company brought suit against J. P. Byrd & Company upon three promissory notes under seal, claiming an indebtedness of $395.00 with interest. The defendants filed a plea wherein they admitted the making of the notes as set out in the petition, and alleged the following facts: Prior to the making of the notes defendants entered into a written contract, which had been assigned to plaintiff, wherein defendants agreed to purchase a certain amount of guano which was to be shipped to defendants when ordered by them. Defendants decided not to order guano at the following season. An agent of plaintiff fraudulently erased the phrase, "when ordered," from the contract, without defendant's knowledge or consent, and substituted therefor February 25, 1902, so that the contract bound defendants to receive the guano contracted for by that date. The guano was then shipped to defendants, who refused to receive it. At the request of plaintiff defendants then consented to act as its agent in disposing of the guano, and sell what they could and pay for such quantity as they sold. The defendants gave the notes sued upon under the agreement that they were to be held as security for the guano defendants might sell. The credits appearing upon the notes are the amounts sent by defendants to plaintiff as received from sales of the guano. They denied any further indebtedness.

The plaintiff demurred to the plea; the demurrer was sustained, and the plea stricken. To this judgment the defendants excepted. The bill of exceptions also recites that while the demurrer was being argued one of counsel for defendants asked leave of absence from the court for a short time, which was granted, and the court proceeded with the argument on the demurrer in his absence. In a note the judge says that during the absence of counsel and throughout the hearing his associate was present and heard fully on all motions submitted to the court.

*F. F. Juhan* and *T. M. Peeples,* for plaintiffs in error.

*D. W. Blair, J. W. Green,* and *N. L. Hutchins,* contra.

COBB, P. J.   (After stating the facts.)   The notes sued on were ordinary promissory notes.   Each contained an absolute and unconditional promise to pay, at a stated time, a given sum of money. The plea set up that at the time these notes were given it was distinctly agreed that the amount to be paid was not at all events to be the amount stated in them.   That is, the defendants were to pay whatever amounts were realized from the sale of the fertilizer which had been shipped to them; and if the sales produced an amount which was less than the aggregate amount of the notes, they were only bound to pay that amount.   The promises in the writing were to pay stated sums.   The real promise, as alleged by the plea, was to pay upon certain conditions other sums which might be less than the amounts specified in the notes.   The plea did not allege any fraud, accident or mistake in making the notes. It did allege a fraudulent alteration of a contract which preceded the taking of the notes; but no fraud was perpetrated at the time the notes were given, so far as the allegations of the plea go, it being distinctly alleged that the notes were signed as they appeared, but with the agreement that they were not to be enforced except as security for the payment of other sums to be realized from the sale of the fertilizer.   It seems to us that the plea was a patent effort to vary the terms of a written contract as evidenced by the notes.   The writing evidenced a promise to pay certain sums absolutely and at all events.   The plea alleged the real contract to be to pay no specified amount, but such amounts as might be realized from the sale of the fertilizer, and no amount to be paid whatever unless there was a sale.   There is one contract in the notes, definite and clear.   There is another contract set up in the plea, which is entirely different from that which the notes evidence.   The case, although not identical, is very similar to the case of *Hirsch* v. *Oliver,* 91 *Ga.* 554.   The language of Mr. Chief Justice Bleckley in the opinion is pertinent here.   That learned jurist says: "The plea which sought to contradict the notes by setting up an understanding that the maker was not to be bound, that the notes were executed for a purpose other than that of binding him to pay money—a purpose wholly at variance with their plain tenor and effect, contained no suggestion that the understanding and purpose

alleged were evidenced by any writing, or that anything was omitted from the notes by fraud, accident, or mistake. It contained no denial of the making of the notes, but simply sought to run over them and crush them by an alleged contemporaneous understanding or agreement in conflict both with their letter and legal effect. This plea presented no valid defense to the action, and there was no error in striking it." In *Dendy* v. *Gamble*, 59 *Ga.* 434, a surety pleaded that it was well understood by the payee and surety that the latter was not to be liable upon the note; and it was held that this was no defense to the action, the note being an absolute promise to pay, no qualification or modification of its terms in writing being alleged, and no fraud or mistake being set up in the plea. In the opinion Judge Bleckley says: "The note, however, is absolute and unconditional. It is an express contract on the part of both principal and surety to pay a sum of money on or before a given day, less than a month after its date. When a man's real contract is not to pay, what sense or reason is there in signing a written contract that he will pay? To allow such a defense as this to be effective would be to overthrow the most trustworthy monuments of the engagements of men to men. What security would the most solemn writings any longer afford? In striking the plea on demurrer the court made the only proper disposition of it." See also, in this connection, *Lunsford* v. *Malsby*, 101 *Ga.* 39.

But it is said that the consideration of a note can always be inquired into, and the consideration is expressed in these notes only by the phrase, "for value received," which is a patent ambiguity, and therefore the actual consideration of the notes can be shown. It is undoubtedly the general rule that the consideration of a contract can always be inquired into where the controversy is between the original parties. But is this an effort to inquire into the consideration? Where the promise as stated in the writing is admitted, the promisor can show that there was no consideration; or that there was a consideration which has failed wholly or in part, and therefore the promise is no longer supported, and must fail either in whole or in part, according to the facts. But this case does not involve merely the question of what is the consideration for the promise, or whether there was a consideration, or whether, being such a consideration, it has failed in whole or in part. The purpose of the plea

is to show that the promises in the writing were not the promises really made. The promise in the writing is not admitted. The plea denies it. The promise in the writing is to pay a certain sum of money absolutely and at all events. The plea alleges an agreement to pay another sum, the amount of which is dependent upon conditions. The consideration of a contract may be always inquired into in order to show that the promise is no longer binding according to its tenor; but in inquiring into the consideration the promisor can not deny that he made the promise evidenced by the writing. *Brewer* v. *Grogan,* 116 *Ga.* 60. In *Boynton* v. *Twitty,* 53 *Ga.* 214, Judge McCay says: "It is sometimes difficult to say when the parol evidence offered is mere explanation of the consideration, and when it is an attempt to attach a condition to the contract; and it is hard to reconcile all the cases, for this reason. The line of distinction is often so dim that one mind sees the case on one side of it, and another mind sees it on the other. Without doubt, you may always, in the case of a promissory note, show by parol what was the true consideration; that is, what the maker got, or the payee suffered or lost, or what the motive that led to the making of the paper. If this motive was not in law a valid consideration, or has failed, or if the payee on his part has violated some undertaking, expressed or implied by the law, on his part, so that the consideration has failed, or has proved to be no consideration, then the whole facts may be shown by parol. But if the thing proposed to be proven attaches a condition to the note, as that in a certain event it is not to be paid, or is to be paid at a different time from the time stated, or not to be paid in money, etc., then parol evidence is inadmissible." In that case the defendant was allowed to prove that the note was not for any consideration which passed or existed at the time it was given, but to indemnify the plaintiff against loss in a certain partnership business, and that he had suffered no loss. Judge McCay concludes his opinion by saying that such a transaction stands on the footing of a note or acceptance placed as collateral to cover future advances, in which cases the note is good only for the amount of the advances. In the case of *Pitts* v. *Allen,* 72 *Ga.* 69, the consideration expressed in the note was "for value received." It was held that the use of this phrase raised a patent ambiguity which might be explained, and the defendant might prove by parol that the consideration

was a contract of hiring which had failed, according to its own terms, by reason of the death of the person hired, but it would be otherwise if the consideration had been stated in the note. The two cases just referred to are those relied on by counsel for plaintiff in error in the present case. The general rule in reference to the inadmissibility of parol evidence to vary or contradict the terms of a written contract is stated and recognized in each of these cases. As said by Judge McCay in the case first cited, it is hard to reconcile all of the various decisions where this rule has been applied. The two cases just cited can not be reconciled, on principle, with numerous cases which have preceded them, nor with a large number which have followed them, among them being those cited in the first part of this opinion. The present case seems to us clearly to fall within the rule which prohibits the admission of parol evidence, and we must so classify it. If there is any conflict between the present case and the two cases above cited, those cases must be restricted to the peculiar facts upon which they are based. It may be that the rule was inaptly applied in each of the cases. It so appears to us. The misapplication of a well-settled rule in a particular case will not make that decision a binding precedent, unless the subsequent case under consideration is identical with it in all its details.

The absence from the court-room of one of the counsel for the defendant, while the argument on the demurrer was being heard, although with express leave of absence from the court, is not a sufficient reason for reversing the judgment on the demurrer.

*Judgment affirmed. All the Justices concur, except Atkinson, J., dissenting.*