9075, 9093.   RHENEY *v.* ANDERSON; and *vice versa.*

LUKE, J.  1. Where a negotiable promissory note purports to have been given "for value received," and suit is brought thereon by the payee, the maker may plead, and prove by parol, that the note was executed without consideration as between the parties, and for the sole purpose of enabling the payee to indorse it to a third person as collateral security for a debt which the payee desired to contract and which he promised to pay without assistance from the maker of the note. Such a note is a mere accommodation paper, and, while in the hands of the person to be accommodated, is without consideration and binds nobody.

27

Civil Code (1910), § 3541; *Hall* v. *Bank,* 71 *Ga.* 715; *Farrar* v. *Bank,* 90 *Ga.* 331 (17 S. E. 87); *Smith* v. *Downing Co.,* 21 *Ga. App.* 742 (95 S. E. 19); Brown *v.* Smedley, 136 Mich. 65 (98 N. W. 856); Chicago Title & Trust Co. *v.* Boody, 165 Mo. 197 (65 S. W. 303). It would be otherwise if the note were in the hands of an indorsee who received it for value.

2. The court did not err in overruling the demurrer to the plea setting up such a defense.

3. Under the conflicting evidence, it was for the jury to say whether or not the defendant had established her plea; and therefore the court erred in directing a verdict for the plaintiff.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. Wade, C. J., and Jenkins, J., concur.*

                    DECIDED JUNE 12, 1918.

Complaint; from Richmond superior court—Judge H. C. Hammond. July 14, 1917.

*William H. Fleming,* for Rheney.

*Rogers & Knox, Samuel H. Myers,* for Anderson.

JENKINS, J., concurring specially. Being originally doubtful as to the correctness of the rule announced in the first of the foregoing headnotes, and having held back a decision of the case in order that I might give a more careful consideration to the question involved I desire to state wherein, as I saw it, the difficulty of the proposition lay, and why I have finally reached the same conclusion arrived at by the other members of the court. It is a well-recognized principle of law that, as between the original parties, the consideration of a contract is ordinarily open to inquiry for the purpose of showing either that the consideration was originally illegal and the resultant promise therefore void, or that the consideration has subsequently failed in whole or in part, so as no longer to support the promise as made. Not only does this rule apply where the consideration of the instrument is ambiguous upon its face, but, even though the consideration should be set forth in the writing, it is still permissible as a matter of defense to plead by way of failure of consideration a breach of a contemporaneous oral warranty, provided the instrument does not purport to integrate within itself the terms of the agreement. *Pryor* v. *Ludden & Bates,* 134 *Ga.* 288 (67 S. E. 654, 28 L. R. A. (N. S.) 267); *Bond* v. *Perrin,* 145 *Ga.* 200 (88 S. E. 954), s. c. 18 *Ga. App.* 179 (89 S. E. 79). It has also been uniformly held that one is not precluded from showing by parol that the real consideration of a contract is in fact different from the one actually recited in

the instrument, for the purpose of proving that what is thus shown to be the true consideration has failed. *Anderson* v. *Brown, 72 Ga.* 713; *Burke* v. *Napier,* 106 *Ga.* 327 (32 S. E. 134); *Camp* v. *Matthews,* 143 *Ga.* 393 (85 S. E. 196); *Simmons* v. *International Harvester Co.,* 22 *Ga. App.* 358 (96 S. E. 9). The rule just stated is, however, applicable only to contracts in which the consideration is thus stated by way of mere recital; for if it be so expressed as to constitute it one of the terms and conditions of the agreement, it is not permissible to set up another and different consideration for the purpose of showing a failure of the latter (*Atkinson* v. *Lanier,* 69 *Ga.* 460 (2); *Wellmaker* v. *Wheatley,* 123 *Ga.* 201, 51 S. E. 436; *Goette* v. *Sutton,* 128 *Ga.* 179 (3), 180, 57 S. E. 308; *Coldwell Co.* v. *Cowart,* 138 *Ga.* 233, 236, 75 S. E. 425; *Thrower* v. *Baker,* 144 *Ga.* 372, 87 S. E. 301); but even then it is still competent to show that the true basis of the contract was without actual consideration of any sort whatever, and that the resultant promise is for that reason wholly void. *Hawkins* v. *Collier,* 101 *Ga.* 145 (28 S. E. 632).

But while all this is true,, and although great latitude is thus allowed in attacking the legality of a promise by proving it to be unsupported by any valid and legal consideration, it is never allowable, under the guise of inquiring into the consideration, to vary or contradict by parol the written terms of the promise itself. *Brewer* v. *Grogan,* 116 *Ga.* 60 (42 S. E. 525); *Byrd* v. *Marietta Fertilizer Co.,* 127 *Ga.* 30 (56 S. E. 86). Thus, while the validity of an unconditional promise in writing may be attacked on the ground that it is not supported by a valid consideration, such an inquiry into the consideration can not be used as a pretext to alter or in any way to vary the express terms of the promise itself. As was said by Judge McCay in the case of *Boynton* v. *Twitty,* 53 *Ga.* 214, and quoted by Mr. Justice Cobb in *Byrd* v. *Marietta Fertilizer Co.,* supra, "It is sometimes difficult to say when the parol evidence offered is mere explanation of the consideration, and when it is an attempt to attach a condition to the contract; and it is hard to reconcile all the cases, for this reason. The line of distinction is often so dim that one mind sees the case on one side of it, and another mind sees it on the other. Without doubt, you may always, in the case of a promissory note, show by parol what was the true consideration; that is, what the maker got, or

the payee suffered or lost, or what the motive that led to the making of the paper. If this motive was not in law a valid consideration, or has failed, or if the payee on his part has violated some undertaking, expressed or implied by the law, on his part, so that the consideration has failed, or has proved to be no consideration, then the whole facts may be shown by parol. But if the thing proposed to be proven attaches a condition to the note, as that in a certain event it is not to be paid, or is to be paid at a different time from the time stated, or not to be paid in money, etc., then parol evidence is inadmissible."

In the instant case what is the purport of the plea? Is it intended simply to deny the binding effect of an admitted unconditional promise in writing, for the reason that the promise is unsupported by any lawful consideration as between the parties; or does it go further, in that it must also necessarily seek to vary the explicit terms of the written instrument by showing that the absolute promise to pay does not itself speak the truth of the contract, but that the true purpose of the agreement was one which it was never intended should be embraced within the terms of the note as sued on? In the case of *Boynton* v. *Twitty,* supra, it was held that the defendant should be allowed to prove that the note sued on was not for any consideration which passed or which existed at the time it was given, but was executed for the purpose of indemnifying plaintiff against loss in a certain partnership business, and that he had suffered no loss. In that case Judge McCay concludes his opinion by saying that such a transaction stands on the footing of a note or acceptance placed as collateral to cover future advances, in which cases the note is good only for the amount of the advances. But this holding in the *Boynton* case is doubted and criticised in the *Byrd* case. In the latter case the ruling in the headnote is as follows: "To an action against the maker of negotiable promissory notes, a plea that he executed them with the understanding that he was not to be bound and that the notes were simply security for payments of the proceeds of a sale of an article which the plaintiff claimed had been sold to the defendant and the notes taken for the purchase-price, and the defendant claimed was simply in his possession as the property of the plaintiff to be sold for his account, constituted no defense to the action, when there was no denial that the notes were made

and delivered, and no allegation that the understanding or purpose for which the notes were given was evidenced by any writing, or that such understanding was omitted from the notes by fraud, accident, or mistake." In the opinion in that case the Supreme Court, through Mr. Justice Cobb, speaks as follows: "But it is said that the consideration of a note can always be inquired into, and the consideration is expressed in these notes only by the phrase, 'for value received,' which is a patent ambiguity, and therefore the actual consideration of the notes can be shown. It is undoubtedly the general rule that the consideration of a contract can always be inquired into where the controversy is between the original parties. But is this an effort to inquire into the consideration? Where the promise as stated in the writing is admitted, the promisor can show that there was no consideration; or that there was a consideration which had failed wholly or in part, and therefore the promise is no longer supported, and must fail either in whole or in part, according to the facts. But this case does not involve merely the question of what is the consideration for the promise, or whether there was a consideration, or whether, being such a consideration, it has failed in whole or in part. The purpose of the plea is to show that the promises in the writing were not the promises really made. The promise in the writing is not admitted. The plea denies it. The promise in the writing is to pay a certain sum of money absolutely and at all events. The plea alleges an agreement to pay another sum, the amount of which is dependent upon conditions. The consideration of a contract may be always inquired into in order to show that the promise is no longer binding according to its tenor; but in inquiring into the consideration the promisor can not deny that he made the promise evidenced by the writing."

The same principle was discussed by Chief Justice Bleckley in the case of *Hirsch* v. *Oliver*, 91 *Ga.* 554 (18 S. E. 354), wherein this learned jurist used the following language: "The plea which sought to contradict the notes by setting up an understanding that the maker was not to be bound, that the notes were executed for a purpose other than that of binding him to pay money—a purpose wholly at variance with their plain tenor and effect, contained no suggestion that the understanding and purpose alleged were evidenced by any writing, or that anything was omitted from the notes

by fraud, accident, or mistake. It contained no denial of the making of the notes, but simply sought to run over them and crush them by an alleged contemporaneous understanding or agreement in conflict both with their letter and legal effect. This plea presented no valid defense to the action, and there was no error in striking it." In the case of *Dendy* v. *Gamble,* 59 *Ga.* 434, a joint suit was entered against the principal and the surety on a note, and the latter undertook to plead that he signed the note only to encourage the principal to pay it, and that it was well understood by the payee and the surety that no liability was to attach to the latter. The ruling in that case was to the effect that since the note was an absolute promise to pay, without written qualification or modification of its terms, and since no fraud or mistake in reducing the real contract to writing was set up, the plea failed to show a valid defense. In the opinion the court said: "The note, however, is absolute and unconditional. It is an express contract, on the part of both principal and surety, to pay a sum of money on or before a given day, less than a month after its date. When a man's real contract is not to pay, what sense or reason is there in signing a written contract that he will pay? To allow such a defense as this to be effective would be to overthrow the most trustworthy monuments of the engagements of men to men. What security would the most solemn writings any longer afford? In striking the plea, on demurrer, the court made the only proper disposition of it." It will be seen that the difficulties referred to by Judge McCay are real ones, and that it is ofttimes hard indeed to determine whether the parol evidence is offered merely in explanation of the consideration, or whether it must really be taken as an unauthorized attempt to vary the expressed terms of the contract itself.

It would seem to be the position of counsel for the plaintiff in error that the question involved in the instant case can not be stated so narrowly as it is thus sought to do. The underlying principle which he seeks to invoke is that "If the contract sought to be set up in defense is not one of a kind that the parties intended should be embraced or integrated in the written contract, or that could not properly have been embraced in that contract without defeating its purpose," then the general rule that parol evidence is inadmissible to vary the terms of a written contract

does not apply; and he cites in support of this position, as applied to the facts here involved, the cases of *Pryor* v. *Ludden & Bates,* and *Bond* v. *Perrin,* already referred to. It does not appear to the writer, however, that any question was involved in those cases concerning the right of the promisor to vary the express terms of his absolute promise to pay. In each of those cases such a promise was admitted, and the defense was simply and solely a failure of the consideration under the terms of an oral warranty. The rulings were to the effect that although a purchase-money note might specify the consideration for which it was given, yet if the writing does not purport to express all the terms of the contract, then the terms so omitted may be supplied by parol, but that none of such terms which may be actually embodied in the instrument, either expressly or by implication, can be added to or varied by parol. Here, in this case, suit is brought upon an absolute and unconditional promise to pay. It does not seem that under the guise of inquiring into the consideration of such a plain and unambiguous contract in writing the defendant should be allowed to vary the express terms of the promise itself. But is such the necessary consequence of the plea herein filed? In the three cases from which we have previously quoted, the court held that it was. In the *Byrd* case, the *Dendy* case, and the *Hirsch* case the effect of the plea was to dispute the terms of the promise itself. In none of them was any attempt made to show that the contract was without such a consideration as could support the promise as made between the parties to the suit, and in each of these cases it was therefore necessary to attack the terms of the promise itself. In the *Byrd* case it was pleaded that the defendants were only to pay whatever amounts were realized from the sale of the fertilizer which had been shipped to them, and not the amount called for by the note; in the *Dendy* case that although he became the surety for his principal unto the promisee, yet it was agreed that he was not to be actually liable according to the tenor of his obligation; and in the *Hirsch* case it does not appear that as between the parties the promise was without consideration, but appears only that the defendant sought to establish a contemporaneous understanding in conflict with his promise, to the effect that he was not to be bound thereby. In the present case, if the plea sought to be established did not show that the note sued on

was, as between the parties, without any consideration, and if, in order to escape liability, it was necessary to go further and attack the terms of the promise itself, then, under the plain authority of these precedents, she would be precluded. If the consideration is good, the promise must be enforced as it is expressed; while, on the other hand, if the contract be without consideration, it matters not how absolute the admitted promise may be; as a nudum pactum it can not avail. The defense which is claimed in this case is not dependent upon an unauthorized attack upon the terms of an absolute and unambiguous promise; but the purport of the plea is that, while admitting the promise, it is nevertheless void, since, as between the parties, it is without the support of any valid consideration. See also *Mimbs* v. *Stephens Hardware Co.*, ante, 88 (95 S. E. 377).