### 15806. PULLIAM v. MERCHANTS AND MINERS STATE BANK.

In allowing the plea, to which a special demurrer had been sustained, to be amended at a subsequent term of the court no error was committed. The unconditional promise to pay contained in each of the notes sued on could not be defeated by proof of a contemporaneous oral agreement that it would never be enforced.

Decided November 13, 1924.

Complaint; from Fannin superior court—Judge Blair. May 31, 1924.

*Morris, Hawkins & Wallace, Thomas A. Brown,* for plaintiff in error.

*William Butt,* contra.

Luke, J. 1. Where an order sustaining a special demurrer to a plea states merely that the demurrer "is sustained," and the case is continued to the next term of court on account of the illness of defendant's counsel, and at that term an amendment to the plea is offered, and is allowed without objection, subject to demurrer, and a demurrer thereto is filed, it can not be held that the allowance of the amendment was error because the original order provided no time for amendment and no exceptions pendente lite were filed to such order. *News Publishing Co.* v. *Lowe, 8 Ga. App.* 333 (69 S. E. 128).

2. The suit was upon two promissory notes given under seal and providing that certain sums of money be unconditionally paid

at specified times. The defendant's pleas, after they were amended, were substantially as follows: The first note was given for fourteen shares of stock in the Merchants and Miners State Bank, upon the verbal promise of the officers of said bank that they would sell said stock to others, and that the defendant would never have to pay said note. Said stock was never issued, never sold, and never delivered or tendered to defendant. Nor did said officers ever intend to sell or dispose of said stock. The second note was procured through fraud, "in that defendant was induced to give said note based upon the other note with the understanding had with said officers that said note was never to be collected, but was to be merely held by the bank as an apparent asset." Defendant was never a bona fide stockholder of said bank; no stock-certificates were ever delivered, or intended to be delivered to him; defendant never received any value for either of said notes; and the consideration of said notes has wholly failed. Said fraud perpetrated by said bank consisted in said officers and directors failing, with fraudulent intent, to adopt any resolution authorizing it to enter into said contract and understanding with defendant. It was their purpose to obtain the two notes from defendant without passing any resolution of the board of directors by which they believed plaintiff would be bound in law. Defendant had long known said officers and directors, and had had dealings with them, and for this reason reposed great confidence in them, and was thus induced to execute and deliver said notes, relying upon said officers and directors to do all things necessary to protect defendant and to bind plaintiff to perform its said undertaking and contract with this defendant. Said two notes were procured through fraud, were wholly without consideration and were so regarded by the officers and directors of said bank, unless they, as representatives and officers and directors, complied with their solemn obligation by selling said stock to third persons.

The unconditional promise to pay contained in each of the notes under consideration could not be defeated by proof of a contemporaneous verbal agreement that it would never be enforced. Civil Code (1910), § 5788; *Sasser* v. *McGovern*, 11 *Ga. App.* 88 (74 S. E. 197); *Hirsch* v. *Oliver*, 91 *Ga.* 554 (2) (18 S. E. 354); *Dendy* v. *Gamble*, 59 *Ga.* 434 (1); *Byrd* v. *Marietta Fertilizer Co.*, 127 *Ga.* 30 (56 S. E. 86).

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*