### 19863. BOWEN *v.* MOBLEY, superintendent of banks.

JENKINS, P. J. A notice to sue, given by a surety under the provisions of the Civil Code (1910), § 3546, in order to afford a defense to a subsequent action brought against him by the creditor, must state the county of the residence of the principal debtor, since, under the mandate of the statute, "no notice shall be considered a compliance with the requirements of this section which does not state the county of the principal's residence." A notice fatally defective in this respect, but received by the creditor with the remark "all right," could not amount to more than a mere promise by the creditor, without consideration, to proceed against the principal debtor; which would have no effect upon the obligation of the surety. *Johnson* v. *Longley,* 142 *Ga.* 814 (83 S. E. 952).

2. "Parol contemporaneous evidence is inadmissible generally to contradict or vary the terms of a valid written instrument." Civil Code (1910), § 5788. Thus, where an unconditional promissory note was signed by two persons, while it was permissible for one of them to show that he was a mere surety, it was not permissible to alter the unconditional character of the obligation by setting up a prior or contemporaneous parol agreement to the effect that the obligation was conditional upon the payee's taking a mortgage upon personalty from the principal debtor as additional security. *Byrd* v. *Marietta Fertilizer Co.,* 127 *Ga.* 30 (56 S. E. 86); *New Ware Furniture Co.* v. *Reynolds,* 16 *Ga. App.* 19 (3) (84 S. E. 491); *Rheney* v. *Anderson,* 22 *Ga. App.* 417, 418 (96 S. E. 217).

3. In such a case, where the defendant surety pleaded also that the creditor had actually taken a mortgage upon property of the principal debtor as additional security, but failed to record the same, and thereby increased the risk of the surety, it was not error, in the absence of any notice to produce, and where such paper was not otherwise accounted for, to reject parol testimony to show the execution of such "mortgage," since such testimony necessarily, in order to support the

defense pleaded, involved the contents of the paper alleged to have been a mortgage. Civil Code (1910), § 5748.

4. The court did not err in directing a verdict for the plaintiff.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED JANUARY 21, 1930.

*R. L. Maynard,* for plaintiff in error.  *E. L. Forrester,* contra.