## 25189. SKEFFINGTON *v.* ROWLAND.

SUTTON, J. 1. In a suit on a promissory note secured by a deed to land, it is not permissible for the maker to set up by way of plea and answer that by executing these two instruments together the payee agreed to look solely to the land for repayment of the debt due, and the maker of the note was not to be under any personal obligation, and no personal judgment could be procured against him, but only a judgment in rem against the property could be had, no matter what value might be placed on the land at the time of the maturity of the debt. This would be to add to, vary, and contradict the plain terms and provisions of an unconditional contract in writing, which was not ambiguous, and constituted an unconditional promise to pay a certain sum of money on a named date, and constituted the contract between the parties. To borrow money and so to secure the lender is the usual and customary way of handling such a transaction (the way provided by law), and to give it the meaning contended for by the defendant would be to vary by parol the plain terms of a written instrument by which the maker agreed to pay a stated

sum on a day certain. This the law does not permit. Code, § 38-501; *Byrd* v. *Marietta Fertilizer Co.*, 127 *Ga.* 30 (56 S. E. 86); *Hirsch* v. *Oliver*, 91 *Ga.* 554 (18 S. E. 354); *Sikes* v. *Payton*, 23 *Ga. App.* 721 (99 S. E. 310); *Watkins* v. *Woodbery*, 24 *Ga. App.* 80 (4) (100 S. E. 34); *Bradley* v. *Dozier Land Co.*, 29 *Ga. App.* 78 (113 S. E. 819); *Pulliam* v. *Merchants &c. Bank*, 33 *Ga. App.* 68 (125 S. E. 509); *Bowen* v. *Mobley*, 40 *Ga. App.* 833 (2) (151 S. E. 667); *Fuller* v. *Fuller*, 41 *Ga. App.* 24, 26 (152 S. E. 122); *Ramsey-Fender Motor Co.* v. *Chapman*, 46 *Ga. App.* 385 (168 S. E. 92); *Hartman* v. *Citizens Bank & Trust Co.*, 47 *Ga. App.* 562 (171 S. E. 195).

2. The act of 1935 (Ga. L. 1935, p. 381) has no application to the question for determination in this case. The judge properly struck the plea and answer of the defendant, and properly entered judgment in favor of the plaintiff for the amount due on the note.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

Decided February 13, 1936.

*John J. Hennessy,* for plaintiff in error.
*Connerat & Hunter,* contra.

