43745.   ELLIS et al. v. ROBINS FEDERAL CREDIT UNION.

FELTON, Chief Judge.   1.  Where the two defendant co-makers or sureties on a defaulted promissory note made 6 partial payments thereon over a 4 months' period of time, with full knowledge that the collateral had been lost to the superior claims of a trustee in bankruptcy or other prior secured creditors due to the plaintiff payee's failure to record its security interest, they were thereby estopped to assert, to the joint and several action for the balance of the indebtedness against the defendants and other obligors on the note, the defense of the said failure to record. *Schwitzerlet-Seigler Co. v. Citizens & S. Bank,* 155 Ga. 740 (4) (118 SE 365).

2. Estoppel, the law relative to which supplements the provisions of the Uniform Commercial Code (*Code Ann.* § 109A-1—103; Ga. L. 1962, pp. 156, 159), need not have been pleaded in order to be relied on, since the plaintiff relied thereon to defeat a defense raised in the defendants' answer. *Rieves v. Smith,* 184 Ga. 657, 664 (192 SE 372, 112 ALR 368), and cit.

3. Although the defendants might show by parol contemporaneous evidence that they were mere sureties, rather than co-makers, it is not permissible to alter the unconditional character of the obligation by setting up a prior or contemporaneous parol agreement to the effect that the obligation was conditional upon the payee's first exhausting all of the collateral. *Bowen v. Mobley,* 40 Ga. App. 833 (2) (151 SE 667).

4. The defendants, being estopped to assert the attempted defense by making payments on the unconditional note with knowledge of the facts operating to discharge them from liability, were therefore not entitled to recover by recoupment the sums so paid.

5. The default judgment against two of the other obligors on the note was no bar to the action against the present defendants, who have not carried their burden of showing their discharge from the action by the satisfaction of said judgment. *Bank of Madison v. Bell,* 30 Ga. App. 458 (3, 5) (118 SE 439), and cit.

6. The pleadings demanded a finding in favor of the plaintiff and, there appearing no genuine issue of material fact, the court did not err in its judgment granting summary judgment in favor of the plaintiff against the defendants.

> *Judgment affirmed. Eberhardt and Whitman, JJ., concur.*

> Argued June 3, 1968—Decided October 22, 1968.

*John J. McCreary,* for appellants.
*George E. Saliba,* for appellee.