### 14888.   BROWN *et al.* v. HORN.

Refusal to allow an amendment to pleading cannot be made a ground of a motion for a new trial.

An agreement at the time a promissory note is signed, that it shall be credited with whatever reasonable amount may be subsequently arrived at as due the maker for services previously rendered to the payee, cannot have the legal effect of changing the terms of the note from an unconditional to a conditional promise to pay, so as to relieve the maker from liability according to its express terms; and the court erred in refusing to allow the defendants to introduce testimony as to such an agreement, offered in support of their plea of set-off.

DECIDED APRIL 19, 1924.

Complaint; from city court of Nashville—Judge W. R. Smith. July 9, 1923.

*W. D. Buie, C. A. Christian,* for plaintiffs in error.

*R. A. Hendricks,* contra.

JENKINS, P. J. Horn sued Brown and others on a purchase-money note. The defendants pleaded and offered to prove a set-off in a named sum, to which they claimed they were entitled by reason of the fact that, previous to the signing of the note, the plaintiff was indebted to them for the care and feed of certain live stock, for which they were to receive a reasonable compensation, and that the note was to be credited accordingly. The plaintiff objected to the introduction of evidence setting up the defense pleaded, on the ground that any such obligation between him and the defendants, existing at the time the note was executed, was merged into and closed by the giving of the note. The court sustained the objection, and refused to permit the defendants, on their oral motion, to amend their plea so as more fully to set up their defense. These rulings were complained of in their motion for a new trial.

1. "A ruling of the court in disallowing an amendment to the pleading cannot be made a ground of a motion for a new trial." *Simmons* v. *Lanford,* 21 *Ga. App.* 686 (1) (94 S. E. 907). In so far as the second special ground of the defendants' motion for new trial seeks to except to the refusal to allow an amendment to their plea and answer, which they orally suggested to the court but did not reduce to writing or actually offer, the exception is without merit.

2. The fact that defendants offered to show that at the time the note was signed it was agreed that it should be credited with whatever reasonable amount might be thereafter arrived at as due the makers for the services which had been rendered to the payee could not have the legal effect of changing the terms of the note from an unconditional to a conditional promise to pay, so as to relieve the defendants from liability upon the instrument according to its expressed terms and stipulations. See *Hirsch* v. *Oliver,* 91 *Ga.* 554 (18 S. E. 354); *Dendy* v. *Gamble,* 59 *Ga.* 434; cited in *Rheney* v. *Anderson,* 22 *Ga. App.* 417, 420 et seq. (96 S. E. 217). Without attacking or denying the terms of the agreement as actually entered upon, the defendants were entitled to show, if they

could, that they were entitled to the set-off claimed. "The execution of a promissory note is evidence of a full settlement of all debts up to the date thereof, except such as are specially excepted at the time; and where the maker sues the payee for a debt alleged to have been due before the execution of the note, the giving of the note to the payee is presumptive evidence that he had paid the debt to the maker before or when the note was executed. This presumption can be rebutted." *Fletcher* v. *Young,* 10 *Ga. App.* 183 (1) (73 S. E. 38).

*Judgment reversed. Stephens and Bell, JJ., concur.*