846

·22171, 22214. GOODMAN *el al.* *v.* GOODMAN; and *vice versa.*

JENKINS, P. J. On an appeal from the court of ordinary to the superior court from a judgment setting up a year's support, the applicant moved to dismiss the appeal, on the ground that, because of certain facts stated in the motion to dismiss, the objectors had no right to contest the application and award. The court submitted this question to a jury, and, after hearing evidence thereon, directed a verdict "in favor of the within motion to dismiss and against the appeal." Thereupon judgment was entered that the appeal be "denied and dismissed, and the judgment of the ordinary's court . . therefore made the judgment of this court." The objectors then filed a motion for a new trial. Upon the hearing the applicant moved to dismiss the motion for a new trial, on the ground that the judgment therein complained of could not be reviewed by a motion for a new trial. This motion was overruled. The motion for a new trial was then overruled. The objectors except to the judgment overruling their motion for a new trial, and by a separate bill of exceptions the applicant complains of the judgment overruling her motion to dismiss the motion for a new trial. *Held:*

1. It is a general rule that defects in pleadings can not properly be used as grounds of a motion for a new trial. *Simpson* v. *Wicker,* 120 *Ga.* 418 (47 S. E. 965, 1 Ann. Cas. 542) ; *Hunt* v. *Doyal,* 128 *Ga.* 416 (57 S. E. 489) ; *Johnson* v. *Thrower,* 123 *Ga.* 706 (51 S. E. 636). And in *Hill* v. *Lundy,* 118 *Ga.* 93 (44 S. E. 830), it was held that the refusal of the court, on motion, to dismiss an appeal from an inferior judicatory was not a proper ground of a motion for a new trial. See also *Heery* v. *Burkhalter,* 113 *Ga.* 1043 (39 S. E. 406). It is also a general rule that it is not good ground of a motion for a new trial that a judgment or decree does not follow or is not authorized by the verdict. *Brannan* v. *McWilliams,* 146 *Ga.* 528 (91 S. E. 772) ; *Potts* v. *Atlanta,* 140 *Ga.* 431 (79 S. E. 110).

2. In the instant case the only effect of the judgment entered by the superior court was to dismiss the appeal of the objectors. The fact that the superior court, in determining whether the appeal should be dismissed, may have improperly submitted to the jury for determination a question of fact sought to be raised by the motion to dismiss does not alter the only possible legal effect of the judgment actually entered. Since that judgment could not be reviewed by a motion for a new trial, and since the question whether the court in its judgment making the judgment of the court of ordinary the judgment of the superior court may not have followed the verdict returned, but may have entered a judgment not authorized by such verdict, is likewise not a proper ground of a motion for a new trial, the motion for a new trial was fatally defective in that it presented no question which was the proper subject-matter of such a motion. Accordingly, the court erred in not sustaining the motion to dismiss the motion for a new trial. Whether or not the objectors might be entitled to have the judgment of the court below dismissing their appeal set aside in a proper proceeding, begun within three years from its rendition, for defects not amendable which appear upon the face of the record, it is not necessary now to determine. *Byers* v. *Byers,* 41 *Ga. App.* 671 (154 S. E. 456).

3. Under the rulings made in the foregoing divisions of the syllabus, the judgment of the court below overruling the motion to dismiss the objectors' motion for a new trial, complained of in case No. 22214, must be reversed. Since this ruling renders moot the questions presented by the writ of error in case No. 22171, the writ of error in that case must be dismissed.

*Judgment reversed in No. 22214. Writ of error dismissed in No. 22171. Stephens and Sutton, JJ., concur.*

DECIDED OCTOBER 28, 1932.

*L. E. Lastinger, Franklin & Langdale, H. C. Eberhardt,* for plaintiff.

*H. W. Nelson,* for defendants.