31085, 31097.   WOODLAND HILLS COMPANY *et al.*
*v.* COLEMAN; and *vice versa.*

DECIDED JANUARY 11, 1946.   REHEARING DENIED FEBRUARY 2, 1946.

410

*Richard T. Nesbitt,* for Woodland Hills Company *et al.*
*H. A. Etheridge,* for Coleman.

SUTTON, P. J. (After stating the foregoing facts.) ■ It is contended by the plaintiffs in error that the court erred in overruling their pleas of res judicata. While no copy of the pleadings or judgment in the former case was set out or attached to the special pleas, it is stated therein that the former suit was one for specific performance, which was an equitable proceeding. The present action is one at law for damages for breach of the contract, an entirely different proceeding. And, so far as this record shows, no evidence was submitted by the defendants (plaintiffs in error here) to sustain their pleas of res judicata. In these circum-

stances, the court did not err in overruling such pleas. Moreover, it is stated in the decision by the Supreme Court in *Coleman* v. *Woodland Hills,* 196 *Ga.* 626 (27 S. E. 2d, 226): "Specific performance is not a remedy which either party can demand as a matter of absolute right, and will not in any given case be granted unless strictly equitable and just." It was then held that, where "the petition failed to show the value of the lot so as to enable the court to determine that the contract was fair, just, and not against good conscience, no right to the relief sought was set forth." The judgment was not rendered on the merits of the case, but the action was dismissed because the petition failed to allege the value of the lot. It was ruled in *Papworth* v. *Fitzgerald,* 111 *Ga.* 54 (36 S. E. 311) that, "If in rendering its judgment upon a demurrer to a petition, the court does not decide upon the merits of the case, a judgment sustaining the demurrer and dismissing the action is not a bar to another proceeding for the same cause." This principle was reaffirmed in *Revels* v. *Kilgo,* 157 *Ga.* 39 (121 S. E. 209). "Sound sense, as well as the adjudications of the courts, lay down the rule that the rights of the parties must be actually considered and adjudicated before the former adjudication will bar the subsequent suit. In other words, the merits of the case between the parties must be adjudicated." *National Bank of Augusta* v. *Southern Porcelain Mfg. Co.,* 59 *Ga.* 157, 165; *Sparks* v. *Fort,* 29 *Ga. App.* 531, 536 (116 S. E. 227). The Code, § 110-503, provides: "A former recovery on grounds purely technical, and where the merits were not and could not have been in question, shall not be a bar to a subsequent action brought so as to avoid the objection fatal to the first. For the former judgment to be a bar, the merits of the case shall have been adjudicated." See also *Mitchell* v. *Southern Bell Telephone & Telegraph Co.,* 150 *Ga.* 46 (102 S. E. 346); *Hughes* v. *Cobb,* 195 *Ga.* 213, 230 (23 S. E. 2d, 701). The court did not err in overruling the pleas of res judicata.

■ Special ground 1 of the motion assigns error on the allowance of an amendment to the plaintiff's petition. Such order or judgment can not legally be excepted to in a motion for a new trial, and the assignment of error can not be considered. *Lowery* v. *Idleson,* 117 *Ga.* 778 (45 S. E. 51); *Brown* v. *Horn,* 32 *Ga. App.* 95 (122 S. E. 710); *Edwards* v. *Otwell,* 49 *Ga. App.* 456

(176 S. E. 52); *Sterchi Bros. Stores* v. *Mitchell,* 49 *Ga. App.* 827 (1 b) (176 S. E. 537); *Goodman* v. *Goodman,* 45 *Ga. App.* 846 (166 S. E. 261).

■ Special ground 2 complains that the court erred in giving the following charge to the jury: "She alleges that she is entitled to recover $700, and if she is entitled to recover that sum, you would consider and determine from what date there has occurred a breach, if such, and interest should run only from the date of the breach of contract, and it would be your duty to determine whether or not the breach of contract, if you find that there has been a breach of contract, took place on January 1, 1927, January 1, 1930, or August 1, 1942." It is contended that this charge was argumentative and was not authorized by the evidence. It is alleged in the plaintiff's petition that, "In August, 1942, your petitioner received a letter from R. T. Nesbitt, as attorney for defendant, J. A. Mahoney, notifying her that he (Mahoney) claims to own said lot 1 in block 1 of the Woodland Hills plat." This allegation was admitted in the defendants' answers; and the uncontroverted evidence showed that Mahoney notified the plaintiff in August, 1942, that the lot in question had not been conveyed by Woodland Hills Company, and that he owned all the stock of the company and claimed the lot. The charge complained of was authorized under the pleadings and the evidence and was not error for any reason assigned.

■ It is alleged in special ground 3 that the court erred in admitting in evidence a deed from Woodland Hills Company signed by J. A. Mahoney, president, and E. C. Callaway, chairman of the board of directors, dated June 3, 1921, conveying to Mrs. Laurene Coleman certain other lots in the Woodland Hills subdivision. It is contended by the plaintiffs in error that this transaction occurred five or six years prior to the date of the contract sued upon, and that the admission of the deed was prejudicial to the defendants. It was alleged in the petition that Mahoney was president of Woodland Hills Company and E. C. Callaway was chairman of the board. On the trial, Mahoney testified, by depositions, that he did not know whether he was president of Woodland Hills Company in 1926 or 1927, and that he did not know whether he was president at the time E. C. Callaway was chairman of the board. The deed was introduced in evidence for the purpose

of showing that Mahoney, at that time, was president of the company. In these circumstances, no harmful error as against the defendants is shown by this ground of the motion.

█ Special ground 4 complains that the court erred in sustaining the objections of the plaintiff's counsel to the following question, which was propounded to H. A. Etheridge, attorney for the plaintiff: "Q. Mr. Etheridge, you have been sued for recovery in similar transactions to this, have you not?" Mr. Etheridge was not a party to the litigation, and the question was not germane but was prejudicial, and the court did not err in sustaining the objections thereto.

█ It is alleged in special ground 5 that at the conclusion of the evidence counsel for the defendants moved the court to direct a verdict in favor of the defendants, and error is assigned upon the refusal to comply with this request. The evidence did not demand a verdict for the defendants. Furthermore, it has been repeatedly ruled by this court and the Supreme Court that it is never reversible error to refuse to direct a verdict. *Smith* v. *Turnipseed,* 44 *Ga. App.* 220 (160 S. E. 877); *Bartlett* v. *Hartridge,* 45 *Ga. App.* 506 (3) (165 S. E. 309); *Aronoff* v. *Woodard,* 47 *Ga. App.* 725 (11) (171 S. E. 404); *Coastal News Co.* v. *Jacksonville Paper Co.,* 66 *Ga. App.* 227 (17 S. E. 2d, 760); *Ford* v. *Blackshear Mfg. Co.,* 140 *Ga.* 670 (79 S. E. 576); *Roberts* v. *Groover,* 161 *Ga.* 414 (131 S. E. 158).

█ Special grounds 6 and 7, which complain that the court allowed counsel for the plaintiff, in his argument to the jury, to make certain references to the decision of the Supreme Court of this State in another suit and to the decision of this court, in reversing the ruling of the lower court on a demurrer in this case, are insufficient and incomplete, in that neither ground shows that any objection to these statements was raised at the time by counsel for the defendants, by making a motion for a mistrial, or that counsel be rebuked by the court, or by any other objection with respect thereto. It was said in *Brooks* v. *State,* 183 *Ga.* 466 (188 S. E. 711, 108 A. L. R. 752): "When an improper argument is made, the adversary must act, if redress is desired; if not, the incident is closed. The adversary may (1) waive by silence; (2) he may request a rebuke by the court; (3) he may request instructions to the jury either at that moment or as a part of the general

instructions; or (4) he may move for a mistrial. Possibly other motions may be made or rulings invoked." See also *Smoky Mountain Stages Inc.* v. *Wright,* 62 *Ga. App.* 121 (8 S. E. 2d, 453); *Palmer Mfg. Co.* v. *Drewry,* 113 *Ga.* 366 (2) (38 S. E. 837); *Rhodes* v. *Rogers,* 134 *Ga.* 551 (2) (68 S. E. 323); *Bankers Health & Life Ins. Co.* v. *Plumer,* 67 *Ga. App.* 720, 730 (21 S. E. 2d, 515).

■ The court did not err in overruling the defendants' motion for new trial.

■ The plaintiff, Mrs. Coleman, in a direct bill of exceptions, assigns error on certain excerpts from the charge of the court. In this respect, it is contended that the judge erred in charging the jury that the plaintiff would be entitled to recover interest on the $700 from the date of the breach of the contract, when he should have charged that the plaintiff would be entitled to recover interest from January 1, 1927, the date when the plaintiff paid the purchase-money. This contention of the plaintiff is incorrect and is without merit, as only a small portion of the purchase-money was paid on January 1, 1927. It is also contended by the plaintiff that the court erred in charging the jury with respect to her claim for attorney's fees against the defendants on the ground that they had been stubbornly litigious, and especially in that the court told the jury: "You have no right to consider that (case) at all (referring to the suit for specific performance). Attorney's fees must be recovered, if at all, upon a basis of the value of the work done in connection with this litigation, whether immediately before or as incident to this litigation, but, nevertheless, as part of this litigation now being determined by you." The court properly instructed the jury on this feature of the case. No error is shown by the exceptions made by the plaintiff, Mrs. Coleman, to the charge of the court, and the same are without merit. *A. C. L. R. Co.* v. *Nellwood Lumber Co.,* 21 *Ga. App.* 209, 216 (94 S. E. 86); *Randolph* v. *Merchants &c. Loan Co.,* 58 *Ga. App.* 566, 573 (199 S. E. 549).

*Judgment affirmed on both bills of exceptions. Felton and Parker, JJ., concur.*