### 32842. CALDWELL *v.* BROWN.

DECIDED JANUARY 26, 1950. REHEARING DENIED FEBRUARY 17, 1950.

*G. Seals Aiken,* for plaintiff in error.

*T. J. Long, B. Hugh Burgess,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ The special grounds of the amended motion for a new trial reveal numerous instances in which counsel for the defendant interposed remarks, comments, and opinions on matters not in evidence, both as between themselves and to the court in the hearing of the jury, and also in the concluding argument, which constituted violations of proper courtroom decorum. (1) At one time counsel interrupted the cross-examination of the defendant's medical witness by saying, "He found out what was wrong with her." (2) Again, referring to a former trial of the case, evidence of which had not been introduced, he interpolated, "He

[counsel for plaintiff] knows what the evidence was before, and what the interne swore to; it's no deep dark secret to him what I'm asking." (3) At another time after counsel for plaintiff on cross-examination had asked the defendant's witness the following question: "At that time you did not testify anything whatsoever about this lady having had an odor of alcohol about her, did you?" and before the witness could answer, counsel for defendant interrupted by remarking, "He wasn't asked." (4) Again, on cross-examination, counsel for the plaintiff four times attempted to obtain from the defendant's witness an answer to the question as to whether one Dr. Pinson had not been in a better position than the witness to determine whether or not the plaintiff had the odor of alcohol on her breath. Counsel for defendant interrupted by saying, "I think he can tell what position he was in and what position Dr. Pinson was in, then it's a question for the jury. Maybe Dr. Pinson couldn't smell." (5) Again, when certain medical depositions were offered, counsel for defendant commented, "It would seem to me to be certainly in order for counsel to have his brother here to testify about this lady now rather than read this deposition. Of course he's got a right to read it." (6) Further, in a colloquy across the table and also in the concluding argument to the jury, mention was made that counsel for the defendant "had to subpoena their hospital record to get it out there for the first trial." All these remarks were made within hearing of the jury. The plaintiff complains that she was thereby deprived, in many instances, of her right to a fair cross-examination, that her counsel were embarrassed and handicapped, the jury's mind poisoned, and the solemnity of the trial itself burlesqued and destroyed by the conduct of opposing counsel and the failure of the trial court to properly reprimand or restrain them.

Much has been written in our law concerning the conduct required on the trial of a case, and a review of former rulings emphasizes the scrupulousness with which the courts enforce their precepts in this regard. In *Berry* v. *State*, 10 *Ga.* 511, at page 522, the court held, "That the practice complained of is highly reprehensible, no one can doubt. It ought in every instance to be promptly repressed. For counsel to undertake, by a side wind, to get that in as proof which is merely conjecture,

and thus to work a prejudice in the mind of the jury, cannot be tolerated. . . Let nothing tempt them to pervert the testimony, or surreptitiously, array before the jury facts which, whether true or not, have not been proven." In *Mitchum* v. *State,* 11 *Ga.* 615, Judge Nisbet said further, "That rule is, that it is contrary to law for counsel to comment upon facts not proven. He represents his client—he is the substitute of his client; whatever the client may do in the conduct of his cause, therefore, his counsel may do. In relation to his liberty of speech, the largest and most liberal freedom is allowed, and the law protects him in it. The right of discussing the merits of his cause, both as to the law and the facts, is indispensable to every party; the same right appertains to his counsel. The range of discussion is wide— very wide . . [but] statements of facts not proven, and comments thereon, are outside of a cause; they stand legally irrelevant to the matter in question, and are therefore not pertinent. If not pertinent, they are not within the privilege of counsel." In *Fair* v. *State,* 168 *Ga.* 409 (148 S. E. 144) the court quotes Mr. Justice Lumpkin's opinion in *Washington* v. *State,* 87 *Ga.* 12 (13 S. E. 131), as follows: "It is the well-settled policy of this court that counsel in the argument of cases should confine their remarks to the law and the evidence, and that in no instance should they be permitted to comment upon extraneous facts prejudicial to the interests or rights of a party, over his objection, unless such facts be of a kind of which judicial cognizance may be taken without proof." " 'An advocate . . ought not to be allowed to make himself a witness and state facts within his own knowledge touching the case under discussion.' Weeks on Attorneys at Law (2d ed.) 243. 'What the law forbids is the introduction into a case by way of argument of facts not in the record and calculated to prejudice the accused.' *Taylor* v. *State,* 121 *Ga.* 348, 354 (49 S. E. 303). Flights of oratory and false logic do not call for objections, rebukes, or mistrials. It is the introduction of facts not in evidence that requires the application of such remedies. *Patterson* v. *State,* 124 *Ga.* 408 (52 S. E. 534); *Berry* v. *State,* 10 *Ga.* 511, 523." *Brooks* v. *State,* 55 *Ga. App.* 232 (189 S. E. 852).

It is apparent that most, if not all, of the remarks of counsel above quoted were improper and objectionable. Several of the

remarks were interruptions of the court or opposing counsel, and were not in order for that additional reason. However, as to the first remark (special ground 4) quoted above, it did refer to a fact in evidence, the doctor's previous testimony. In response to the request of plaintiff's counsel, Mr. Aiken, it appears from the record that the court commenced to admonish counsel, whereupon Mr. Burgess, the defense counsel, said, "He's reading what the doctor found. I thought it was what he was going to use; that was only in the interest of time, if Your Honor please." Mr. Aiken then, without waiting for the court to finish, or at least without recalling his attention to the objection, began again to question the witness and, it would appear, abandoned his objection at that time. In the second instance (special ground 5) the court instructed the jury that what counsel said among themselves was not evidence and that the jury was not bound thereby. The court repeated this instruction during a later colloquy of counsel (special ground 6). In the third instance (special ground 9) Mr. Aiken said only, "I respectfully submit to Your Honor, the side remarks of able counsel are improper." In *Palmer Mfg. Co.* v. *Drewry & Lavender,* 113 *Ga.* 366 (38 S. E. 837) it was held that the improper remarks of counsel were not cause for a new trial when there was no motion for a mistrial nor any ruling of the court in relation thereto invoked by opposing counsel. In *Southern Ry. Co.* v. *Brown,* 126 *Ga.* 1 (54 S. E. 911), at page 6, it was held, "The right to review the conduct of a judge on any matter occurring during the progress of the trial depends, however, upon a ruling made by him which may be made the subject of an assignment of error." While counsel for the opposite party may merely object to such improper remarks and rest upon the objection, if he wishes, nevertheless, an objection sufficient to invoke a ruling of the court should be. made. The criticism voiced did not amount to an objection, but rather to a comment, and the failure of the court to rule in response thereto was not error.

In the fourth instance (special ground 10) no objection was made at the time, and no ruling of the court was invoked. This ground, therefore, presents no question for consideration. In the fifth instance (special ground 12) no attempt was made to invoke a ruling of the court. In the sixth instance (special

ground 13) the amended motion for a new trial merely recites that "the matter was brought to the attention of the court." No ruling was apparently invoked. The court held in *McCoy v. Scarborough,* 73 *Ga. App.* 519 (37 S. E. 2d, 221): "The trial court has a broad discretion in considering a motion for mistrial based on alleged improper arguments of counsel, and its discretion will not be disturbed unless manifestly abused. Where the court promptly instructed the jury to disregard the alleged improper remarks and rebuked the attorney making them, it was not error to refuse to grant the motion for a mistrial." In *Georgia Power Co.* v. *Puckett,* 181 *Ga.* 386 (182 S. E. 384), at page 394, the following language is quoted with approval: "Although it is the duty of the trial judge, whether so requested or not, to check improper remarks of counsel to the jury, and to remove any prejudicial effect they may be calculated to have against the opposite party, 'a verdict will not be set aside because of such remarks or because of any omission of the judge to perform his duty in the matter, unless objection be made at the trial. A party will not be permitted to sit by and allow such conduct to proceed without objection and without calling the attention of the court to it, and after verdict take advantage of it as ground for a new trial. It is as much his duty to object to improper argument as it is to object to improper evidence, and in the former case as well as in the latter, if he permits it without objection, he can not demand a new trial on the ground that the jury may have been affected by it.' " In *Tanner* v. *State,* 164 *Ga.* 490 (1) (139 S. E. 5), it was held: "Remarks of counsel while addressing the jury, which do not undertake to introduce any material fact not disclosed by the evidence, do not constitute sufficient ground for declaring a mistrial. *Western &c. R. Co.* v. *York,* 128 *Ga.* 687 (58 S. E. 183)." Applying these principles of law, and noting that in most of the instances above set out the attention of the court was called to the impropriety, it still appears that where no ruling was made it was because none was properly insisted upon; that the trial court is vested with a broad and sound discretion in the matter of rebuking counsel; that he was present and able to observe what harm, if any, resulted from the remarks complained of and in his discretion confined his rulings to cautioning the

jury on several occasions that they were bound to consider only the evidence in the case, and not the remarks of counsel among themselves, and that it does not appear from this record that his discretion was so abused as to warrant the grant of a new trial by this court. Special grounds 4, 5, 6, 7, 9, 10, 12, and 13 are therefore without merit.

■ Special ground 6 relates to alleged improper cross-examination of the plaintiff as to the location of various liquor stores in the locality traversed by her on the night of the collision. It is to be remembered that there was a sharp conflict as to the location of the point where the plaintiff crossed the street and was run over. In view of this it would appear that the right to a thorough and sifting cross-examination was not abused, although the examination was largely confined to liquor stores rather than other buildings. The defendant's case was based to some extent on the theory that the plaintiff was intoxicated, and counsel apparently hoped to obtain an admission that the plaintiff was proceeding toward one of the stores in question. "It is the duty of the trial court to protect the witness on cross-examination from being unfairly dealt with, and at the same time to allow a searching test of his intelligence, . . accuracy and veracity." *Loomis* v. *State*, 78 *Ga. App.* 336 (3-b) (51 S. E. 2d, 33). Special ground 6 is therefore without merit. This ruling also applies to that part of special ground 5 which complains of the improper cross-examination of the same witness.

■ Special ground 8 complains that the court erred in not sustaining the objection to the following question, asked on cross-examination of the plaintiff's doctor: "You say she had an elevated blood pressure . . could it be due to the fact a person was a user of alcoholic beverages?" The witness answered as follows: "No, sir, I don't believe that is true . . if you get out on a six weeks drunk and stay pretty heavily loaded with alcohol you frequently will end up with a very high blood pressure during that time, but simply taking a cocktail or simply taking a drink or two a day seems to do you good." It is obvious that the answer elicited was favorable to the party objecting, and that the plaintiff could not have been harmed thereby. As the plaintiff shows no injury, this assignment of error is not meritorious.

■ Special ground 11 complains of the ruling of the court sustaining an objection to the following question on cross-examination: "Do you feel just as positive about that as you do about anything else you have testified to in this case?" The court apparently considered this question too vague, and suggested that witness' attention be called to some particular testimony for purposes of comparison. Counsel, however, did not reframe the question, which he might have done. It does not appear that this conditional ruling improperly abridged the plaintiff's right of cross-examination, and this ground of the amended motion for a new trial is also without merit.

■ Although the evidence was in sharp conflict as to the main issues of the case, there was ample evidence to support the verdict. The general grounds of the motion for a new trial are therefore without merit.

The trial court did not err in overruling the motion for a new trial as amended.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*