34159. MALONE FREIGHT LINES INC. *et al.* *v.* PRIDMORE.

Decided July 14, 1952—Rehearing denied July 21, 1952.

*Stewart & York, Nall & Sterne,* for plaintiffs in error.

*C. V. Driver, D. B. Howe,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ In the first special ground it is contended that the verdict of $30,000 was excessive. It will be noted that the plaintiff, who was earning $4200 per year at the time of the injuries, had a life expectancy of over 12 years. This amount, reduced to its present cash value, would, figured by the Carlisle tables, represent over $29,000, reduced further, of course, by whatever the jury wished in order to offset the declining earning power and other contingencies of old age and hazards of occupation and ill health. In addition, the plaintiff testified that his medical expenses up to the present were around $1000, and additional treatment was needed. The proof authorized a finding that the plaintiff had suffered great physical pain as a result of the injuries, that this pain was of a permanent nature, and that he was crippled and had lost his livelihood; and the jury were authorized to add such further sums as in their enlightened conscience seemed proper compensation for the pain and suffering endured. The verdict for $30,000 was authorized by the evidence, which discloses no indication of gross mistake or undue bias.

■ Special grounds numbered 5, 6, 7, and 8 complain of errors

in failing to declare a mistrial. At one point in the trial, counsel for the plaintiff asked the plaintiff why he moved. Objection was interposed to the question, and counsel interpolated: "I think it shows that he was obliged to move for financial reasons." A request was then made that counsel be rebuked for making an improper statement, and the court instructed the jury: "Counsel is not testifying. That is withdrawn from your consideration; you will pay no attention to that statement." Later, counsel for the defendant was cross-examining a witness, and the attorney interpolated, "What he is trying to do is confuse the issue." A mistrial was requested, counsel for the plaintiff stated that he withdrew the remark, and the court instructed the jury that they were to pay no attention to the remark but to consider only the evidence, adding, "Having confidence in the jury and knowing they will not consider that remark as material in this case, I overrule the motion for a mistrial."

Again, a motion for a mistrial was made when counsel for the plaintiff asked the defendant McCullough whether he went to the funeral of the passenger in the plaintiff's car who was killed in the collision, and the defendant replied, "No, I didn't know she was dead." The judge again instructed the jury to disregard the question, that the defendant had no duty or obligation to attend the funeral, and that he had confidence that the jury would follow his instructions and try the case on the issues of fact involved; and he overruled the motion. A fourth motion was made when counsel in argument stated, "This corporation has got neither mind, soul, nor feeling, and they couldn't have none." Counsel then stated, "I withdraw all that and I apologize to the jury and ask them not to consider it myself." The court instructed the jury at some length on this occasion, that a corporate entity is represented by stockholders or those who have invested in it, and is usually represented by an agent or employee, and has "the same rights as an individual or anybody else." He again expressed confidence in the jury's intelligence and ability to obey the court and disregard the remark, stated that, if he did not have confidence that the jury would do so, he would declare a mistrial, and, after again instructing them on this issue, overruled the motion.

Much has been written concerning the reprehensibility of attempting, by the interpolation of a side remark or by improper argument, to get before the jury facts not in evidence, or to appeal to their dislikes and prejudices in matters not at issue in the case. As was stated in *Berry* v. *State,* 10 *Ga.* 511 (6): "For counsel to attempt surreptitiously to get before the jury facts by *way of supposition,* which have not been proven, is highly reprehensible; and the practice should be instantly repressed by the court without waiting to be called upon by the opposite party." Here, of course, a motion was made in each case by counsel for the defendants, whose contention is, (a) that the remarks were so prejudicial in character that even the earnest and timely instructions of the court were ineffective to undo the harm caused, and (b) that the court did not follow the mandatory requirements of Code § 81-1009, in that he failed to rebuke counsel for the plaintiff. This section reads in part as follows:"Where counsel in the hearing of the jury make statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent the same; and, on objection made, he shall also rebuke the counsel." The contention is that failure of the court to reprimand the attorney renders ineffective his attempt to undo the harm caused, because it was not a compliance with the Code section. There are certainly times when remarks of this character demand a mistrial. See *United Motor Freight Terminal Co.* v. *Hixon,* 76 *Ga. App.* 653 (1) (47 S. E. 2d, 171). Although the instructions of the court to the jury are not set out in full, they were as detailed and cogent as they could well be. The harm to be averted, of course, is the erroneous impression on the minds of the jurors. It is not likely that, after the court told the jury in substance, "If I did not believe you would follow my instructions and forget this improper remark, I would grant a mistrial," the effect was less than it would be if he had said to counsel instead, "You know the remark was improper, and I reprimand you for it." The statements were certainly, in each case, an implied rebuke (see *Trammell* v. *Atlanta Coach Co.,* 51 *Ga. App.* 706 (5), 181 S. E. 315), and counsel recognized it by twice withdrawing the remark and once apologizing for it. None of these statements, all of which were concededly improper, was,

in the opinion of this court, so basically prejudicial and inflammatory that it was beyond removal from the consideration of the jury, and the court effectively and concisely ordered them disregarded. It is recognized that a similar description of a corporation in *Western & A. R. Co.* v. *Cox,* 115 *Ga.* 715 (2), (42 S. E. 74), was held ground for a mistrial, but this was in the absence of any proper instruction from the court to disregard the statements. Whether or not the improper argument or remark demands a mistrial is largely within the discretion of the trial court. See *Southern Ry. Co.* v. *Tudor,* 46 *Ga. App.* 564 (21) (168 S. E. 98); *Yellow Cab Co.* v. *Adams,* 71 *Ga. App.* 404 (31 S. E. 2d, 195); *Essig* v. *Cheves,* 75 *Ga. App.* 870 (44 S. E. 2d, 712); *Caldwell* v. *Brown,* 80 *Ga. App.* 858 (1) (57 S. E. 2d, 618). It was not error, in view of the corrective measures here taken, to refuse a mistrial.

■ Special grounds 9 and 10 contend that the court should have charged, without request, certain principles of law as follows: (a) that, if the proximate cause of the plaintiff's injuries was not the negligence of the defendant, but the negligence of the driver of the automobile which he was attempting to pass, the plaintiff could not recover; and (b) that, if the injuries resulted, not from the defendant's negligence, but because of an emergency created by a third person, the plaintiff could not recover, provided the defendant, in the emergency, exercised the judgment of an ordinarily prudent person under similar circumstances. It is noted that the defendant denied those allegations of the petition alleging that the collision was the result of his failure to exercise ordinary care; and also that his own testimony was to the effect that the car ahead of him was traveling at a speed of 25 miles per hour, that he attempted to pass at a speed of about thirty-five miles per hour, and that, as he drew even with the car, it speeded up and would not let him pass, and that it was in this position that, as he again speeded up to pass and crossed over the "no-passing" line going up the hill, the plaintiff's car appeared, at a point where it was impossible for him to get back in his own lane.

A general denial of liability in an answer is a sufficient pleading to allow evidence that the damage and injury resulted from the act of a third person. *Russell* v. *Bayne,* 45 *Ga. App.* 55 (2)

(163 S. E. 290). The general rule is, however, that a charge on the contentions of the parties based on the pleadings is sufficient in the absence of request, even though there is evidence offered which would authorize the judge, if he saw fit, to charge on such issue, and that he is not required to charge upon issues made solely by the evidence. See *Collins* v. *Williams*, 202 *Ga.* 710 (1) (44 S. E. 2d, 799), and cases there cited. The issue here made by the pleadings was whether or not the defendants' acts were the proximate cause of the injury to the plaintiff, and the court's charge in this regard was, in the absence of a timely written request, sufficient.

The trial court did not err in denying the motion for a new trial as amended.

*Judgment affirmed. Gardner, P.J., and Carlisle, J., concur.*