41274. NEWTON v. COHEN-WALKER-BAILIE, INC.

JORDAN, Judge. This was a suit on open account. Before the jury was impanelled, and in the presence of the entire jury panel, counsel for the defendant requested a continuance on the ground that he had a written medical certificate stating that the defendant was unable to appear in court. Counsel for the plaintiff, in the presence of the entire jury panel, resisted the motion for continuance on the ground that the case had been previously continued for this reason, and stated in his place in open court that he had called the defendant's office

that morning and the defendant was there then, on the date of the trial. The court overruled the motion for continuance. The defendant was not present at the trial. During the closing argument counsel for the plaintiff commented on the fact that the defendant was at work on the date of the trial. The defense counsel thereupon made a motion for mistrial, which was denied.

The jury returned a verdict for the plaintiff and the defendant filed a motion for new trial which was amended by the addition of one special ground complaining of the denial of the motion for mistrial. The trial court denied the amended motion for new trial and the exception is to that judgment. *Held:*

■ "Where in the course of a trial improper remarks are made, it is the duty of the judge, by proper instructions and admonishment, to endeavor to remove the improper impression from the minds of the jury, or, in his discretion, to declare a mistrial." *Malone Freight Lines v. Pridmore,* 86 Ga. App. 578 (2) (71 SE2d 877); *Rawlins v. State,* 124 Ga. 31, 51 (52 SE 1). "The trial judge in passing on motions for mistrial has a broad discretion, dependent on the circumstances of each case, which will not be disturbed unless manifestly abused. *Manchester v. State,* 171 Ga. 121, 133 (155 SE 11); *Smith v. State,* 204 Ga. 184, 189 (48 SE2d 860); *Royal Crown Bottling Co. v. Bell,* 100 Ga. App. 438, 443 (111 SE2d 734); *Central Container Corp. v. Westbrook,* 105 Ga. App. 855, 859 (126 SE2d 264). Unless it is apparent that a mistrial is essential to preservation of the right of fair trial, the discretion of the trial judge will not be interfered with." *Atlantic C. L. R. Co. v. Smith,* 107 Ga. App. 384, 387 (130 SE2d 355).

Upon the motion for mistrial being made in this case, the trial court sent the jury out, and in the presence of opposite counsel admonished counsel for the plaintiff to confine his argument to the facts in the record and reasonable deductions therefrom. The trial judge further informed counsel that he would "try to correct this in the minds of the jury"; and upon the jury being returned, the court instructed them as follows: "Gentlemen of the jury, I instruct you at this time that you gentlemen in determining this case are restricted in your consideration of the case to the evidence as the record discloses and only from the evidence and instruction as given you by the court on the law in the case pertaining to the facts as introduced in evidence, and from these things you

would determine and make up your verdict. Do not at any time let the consideration of this case be affected by any statement or statements that might have been made by reason of the absence of the defendant in this matter or in anything connected with the justice or the fairness or the recovery if there should be any. Be guided only by the evidence and the laws given you in charge by the court." Counsel for the defendant did not thereafter renew his motion for mistrial or make further objection.

We are of the opinion that the unauthorized remarks, taking into consideration their nature and character, were subject to correction and that the corrective action taken by the trial court in this case was adequate to remove any harmful effects of the remarks of plaintiff's counsel. While the trial judge did not specifically rebuke counsel for the plaintiff in the presence of the jury, his instruction to the jury was tantamount to a rebuke and was sufficient under the circumstances, *Trammell v. Atlanta Coach Co.*, 51 Ga. App. 705 (5), 711 (181 SE 315); and it cannot be said that the court abused its discretion in refusing to declare a mistrial.

Furthermore, counsel for the defendant did not renew his motion for a mistrial after the corrective action was taken and, as recently stated by the Supreme Court: "If counsel was not satisfied with the instruction given by the court, he should have renewed his motion for a mistrial, and not having done so, the assignment of error is without merit." *Kendrick v. Kendrick*, 218 Ga. 460, 462 (128 SE2d 496); *Purcell v. Hill*, 220 Ga. 663 (141 SE2d 152).

■ The general grounds have been abandoned.

*Judgment affirmed. Russell, J., concurs. Felton, C. J., concurs specially.*

SUBMITTED APRIL 5, 1965—DECIDED MAY 4, 1965—
REHEARING DENIED MAY 25, 1965.

*William C. Calhoun,* for plaintiff in error.

*Jay M. Sawilowsky,* contra.

FELTON, Chief Judge, concurring specially. I concur in the judgment for the sole reason that I am bound by the rulings of the Supreme Court in *Kendrick v. Kendrick,* 218 Ga. 460, supra, and *Purcell v. Hill,* 220 Ga. 663, supra.