## 42080. HOWINGTON v. THE STATE.

HALL, Judge. The defendant appeals from his conviction for receiving a stolen automobile.

1. The evidence summarized below supported the conviction. The owner of the automobile described in the indictment testified that his car was stolen in Fulton County and, after he received notice from the Atlanta police that the car had been recovered, he next saw it, with parts dismantled, at the sheriff's office in Franklin County and it was returned to him and towed back to Atlanta; the body was damaged, the interior torn up, and the engine partially dismantled. A witness testified that he worked until 6 a. m. and went home by the road by the river. He observed a car parked on the road near the river and went nearer the river and saw another car being stripped. Someone, whom this witness could not see well enough to identify, ran through the woods, leaving the parts of the car on the ground. This witness called the sheriff. The sheriff went to the scene and found the stolen car, from which parts had been dismantled. Investigation revealed that the car parked on the road was the defendant's. Another witness, who lived off the highway about a mile from the river, testified that the defendant and another man walked to his house around 7 a.m. and asked him to take them over to the highway. He drove them in his car to the highway and they gave him $2.00.

The car owner's testimony that he last saw his car parked in front of his apartment in Atlanta the evening of July 7 some time before midnight was an obvious "slip of the tongue." Construing this with other undisputed evidence in the case that the owner's car was being stripped in the woods in Franklin County on the morning of July 7, it is clear that both parties and the jury understood that the car owner was referring to the evening of July 6. See *Tipton v. State,* 119 Ga. 304, 306 (46 SE 436) ; *Siegel v. State,* 206 Ga. 252 (56 SE2d 512).

2. The court did not err in overruling the defendant's motion for

mistrial on the ground that the solicitor, while the defendant's counsel was questioning the defendant in the course of his unsworn statement, prejudicially made a comment reflecting on the defendant's character. Following the motion for mistrial the court gave the jury instructions concerning the defendant's right to make a statement and to be assisted by counsel in doing so and instructed them to disregard and disabuse their minds of the solicitor's comments and determine the truth of the case under the evidence, the defendant's statement and the law as given them in the charge by the court. The defendant then renewed his motion for mistrial. Since it appears that the court's instructions were adequate to remove any harm the solicitor's remarks might have caused, the trial court did not err in overruling the motion for mistrial. *Trammell v. Atlanta Coach Co.*, 51 Ga. App. 705, 709 (181 SE 315); *Malone Freight Lines v. Pridmore, Inc.*, 86 Ga. App. 578 (71 SE2d 877); *Shelly v. State*, 107 Ga. App. 736 (131 SE2d 135); *Atlantic C. L. R. Co. v. Smith*, 107 Ga. App. 384, 387 (130 SE2d 355).

3. Enumerations of error 3, 4, 5, 6, 7 and 8 are without merit. No party may complain of the giving or the failure to give an instruction to the jury, unless he objects thereto before the jury returns its verdict, stating distinctly the matter to which he objects and the grounds of his objection. Appellate Practice Act of 1965 (Ga. L. 1965, p. 18), as amended (Ga. L. 1966, p. 493).

*Judgment affirmed. Nichols, P. J., and Deen, J., concur.*

Submitted June 8, 1966—Decided June 28, 1966—Rehearing denied July 13, 1966

*Hudson & Stula, Ken Stula*, for appellant.
*Clete D. Johnson, Solicitor General*, for appellee.