41905, 41907. SAXON v. TOLAND; and vice versa.

BELL, Presiding Judge. Velma Toland brought this suit against Fay Saxon to recover for personal injuries sustained in an automobile collision occasioned by defendant's negligence.

1. The evidence showed that plaintiff was pregnant at the time of the collision and that the child was thereafter born prematurely because of the injuries to the mother and died soon after birth because of its immaturity. The seventh enumeration complains that the court erred in failing to charge the jury, without request, that they were not authorized to consider the wrongful death of the child as an element of plaintiff's damages in this action to recover for her own personal injuries, the wrongful death being a separate cause of action. In this connection, see *Burns v. Brickle,* 106 Ga. App. 150 (126 SE2d 633). The charge of the court substan-

.tially covered principles as to damages which were at issue in the case. In the absence of request, the trial judge was not bound to point out and exclude specific matter which the jury might not consider in the ascertainment of damages. See *Powell v. Augusta & S. R. Co.*, 77 Ga. 192, 201 (12) (3 SE 757); *Henson v. Taylor & McCain*, 108 Ga. 567, 570 (5) (33 SE 911). If the defendant desired more specific instructions on the subject of damages, she should have submitted a written request.

2. When an improper argument is made to the jury, the adversary must act by interposing an objection. Failure to object amounts to a waiver of the misconduct. *Brooks v. State*, 183 Ga. 466, 468 (188 SE 711, 108 ALR 752); *Woodland Hills Co. v. Coleman*, 73 Ga. App. 409, 413 (36 SE2d 826). The third and sixth enumerations which allege that the court erred in certain instances "in failing to declare a mistrial of its own motion" are without merit.

3. A mere criticism of the remarks of opposing counsel not couched as an objection is insufficient to invoke any ruling of the court. *Caldwell v. Brown*, 80 Ga. App. 858, 862 (57 SE2d 618). In the absence of a specific motion either for a mistrial or that the jury be instructed to disregard the argument, it is not error to fail to grant a mistrial or to instruct the jury. *Lenox Drug Co. v. New England Jewelry Co.*, 16 Ga. App. 476 (5) (85 SE 681); *McCoy v. Scarborough*, 73 Ga. App. 519, 524 (37 SE2d 221); *Campbell v. State*, 111 Ga. App. 219 (5) (141 SE2d 186). The second enumeration is without merit.

4. "When a motion for mistrial is made and the trial court instructs the jury not to consider the alleged error upon which the motion is based, and counsel neither requests further instruction nor renews the motion for mistrial, the assignment of error based on the denial of the motion for a mistrial is without merit." *Kendrick v. Kendrick*, 218 Ga. 460 (4) (128 SE2d 496); *Jones v. Parrott*, 111 Ga. App. 750 (3) (143 SE2d 393). This applies to the fourth enumeration.

5. The fifth enumeration complains that the court erred in stating in the presence of the jury the court's agreement with a certain remark made by plaintiff's counsel in his closing argument. The court made its comment agreeing with the remark when defendant's counsel interposed a criticism of the argument. Defendant's counsel did not thereafter invoke

any ruling of the court by motion for mistrial or otherwise. Having proceeded with the trial without objection, defendant cannot now raise any question as to the prejudicial nature of the court's comment. *Schwall v. Quitman Oil Co.*, 21 Ga. App. 396 (2) (94 SE 648); *Wood v. Hamilton*, 109 Ga. App. 608, 610 (2) (137 SE2d 61), and citations.

6. The ruling attacked in the first enumeration was, if error, harmless to defendant.

7. As plaintiff has indicated she does not desire review of the errors enumerated on the cross appeal except in the event of reversal on the main appeal, the cross appeal will not be considered.

*Judgment affirmed on the main appeal. Jordan and Eberhardt, JJ., concur.*

ARGUED APRIL 4, 1966—DECIDED DECEMBER 1, 1966—REHEARING DENIED DECEMBER 16, 1966—

*Harris, Russell & Watkins, Joseph H. Davis,* for appellant.

*Hallie B. Bell, Martin, Snow, Grant & Napier, George C. Grant,* for appellee.