45382.   CHESTER v. THE STATE.

PANNELL, Judge. The defendant was indicted for murder, tried and convicted of voluntary manslaughter, and appeals to this court from the overruling of a motion for new trial. *Held:*

1. The evidence was amply sufficient to authorize the verdict.

2. After the jury had been charged and retired to the jury room pending objections to the charge, counsel for appellant stated to the court that she "understood that it was forbidden for any member of counsel to have any conversation with any juror in the trial of a case," and called attention to the fact that one of the counsel for the State had had some type of conversation with one of the jurors, whereupon the prosecuting counsel involved stated the substance of two questions asked him by one of the jurors as they were filing in and sitting in the jury box, as well as his two answers thereto, from which it appeared that none of this conversation had any reference whatsoever to the case on trial. The other prosecuting attorney verified the explanation. The trial court then stated: "That would certainly be harmless discussion, but jurors sometimes put counsel and other parties in a bad spot by saying something. . . I think, of course, it's a better practice just not to even let them talk to you. Sometimes it happens and you can't avoid it very well." Counsel for appellant made no motion of any type or character nor did she request or suggest any action by the court. Under these circumstances, there is nothing for this court to pass upon. See *Saxon v. Toland,* 114 Ga. App. 805 (3) (152 SE2d 702).

*Judgment affirmed. Jordan, P. J., and Eberhardt, J., concur.*
ARGUED JUNE 2, 1970—DECIDED JULY 7, 1970.

*R. P. Herndon,* for appellant.

*Lewis R. Slaton, District Attorney, Tony H. Hight, Carter Goode,* for appellee.